**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50375 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00076-ODW |
| v. | |
| KAMRAN KEIVAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 10, 2012**

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Kamran Keivan appeals from the 34-month sentence imposed following his

guilty-plea conviction for importation of opium, in violation of 21 U.S.C.

§§ 952(a), 960(a)(1), and 960(b)(3).  We have jurisdiction under 28 U.S.C.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Keivan first contends that the district court procedurally erred by placing too much emphasis on the advisory sentencing Guidelines range and arbitrarily refusing to impose a term below that range. The record does not support this contention. The court considered Keivan's arguments in support of a below-Guidelines sentence and the 18 U.S.C. § 3553(a) sentencing factors, and concluded that a downward variance was not warranted in light of the amount of drugs Keivan imported and other relevant sentencing factors.

Keivan next contends that the district court erred by requiring him to forego his request for a continuance in exchange for a 30-month sentence, and by considering factors outside the scope of the section 3553(a) sentencing factors, specifically defense counsel's continuance requests. The record belies these contentions. The district court did not pressure Keivan to withdraw his continuance request, but rather granted a continuance to permit Keivan to review the presentence report and to obtain mitigating evidence. Furthermore, the record reflects that the court selected the 34-month sentence because it concluded that Keivan's claim that he imported the opium for personal medicinal purposes was not credible, and not because of counsel's continuance requests.

Keivan additionally contends that the district court abused its discretion by denying his request for a three-week continuance. The district court did not abuse its discretion by granting a continuance shorter than the one Keivan requested. *See United States v. Sarno*, 73 F.3d 1470, 1492-93 (9th Cir. 1995).

Keivan finally contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**